IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICHELLE WELLS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, by and through undersigned counsel, and files this her Complaint for Damages, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks damages for Defendant's discriminatory employment practices after Defendant's intentional discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").

1

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

4.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a female citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant The Home Depot, Inc. is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant The Home Depot, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Brown Jet Center, Inc., 2455 Paces Ferry Road, Atlanta, Georgia 30339.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant The Home Depot, Inc. with the Equal Employment Opportunity Commission (EEOC).

9.

The EEOC issued a "Notice of Right to Sue" on November 22, 2010, entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

11.

Defendant The Home Depot, Inc. is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §11(b), (g) and (h) of the ADEA and has employed more than the requisite number of persons for the requisite duration under the ADEA.

12.

Plaintiff was hired by Defendant The Home Depot, Inc. on July 1, 2008 as an Asset Protection Specialist.

13.

Beginning in November 2009, Plaintiff was subjected to constant and numerous derogatory comments about her age from her direct supervisor, Asset Protection Manager Bryan Haire, and his colleague, Asset Protection Manager Stephen Hritz.

14.

The derogatory comments by Haire and Hritz included asking Plaintiff her age, whether she could keep up, whether she had enough energy for the job, whether she was tired, and whether she could make it through the day.

15.

Plaintiff complained to Carla Brown, Regional Operations Manager, about age discrimination by Haire and Hritz on several occasions between November and December 2009.  Brown's general response was to tell Plaintiff she would speak to Haire, but the derogatory comments continued.

16.

On December 15, 2009, Plaintiff called the corporate Human Resources Department to complain about the comments regarding her age and the overall unprofessional treatment by Haire. Plaintiff also described her efforts to complain to Brown and the lack of response. She spoke with an employee named Bob in Human Resources.

17.

At a regional meeting several days after this phone call, Brown stated "if anyone wants to speak to my boss, they should speak to me first."

18.

At this same meeting, Brown told Plaintiff that she wanted to speak to her regarding the complaint, but this conversation never took place.

19.

At the end of December, Plaintiff contacted Amy, her local Human Resources representative, to further complain about the age comments.

20.

Amy contacted Brown and Alicia Martin, District Human Resources Manager, to discuss the situation and scheduled a meeting at the store among Plaintiff, Brown, Martin and herself.

21.

At the meeting, Brown told Plaintiff that she should no longer report to Haire and instead report to Hritz. This change occurred sometime in February 2010.

22.

On April 21, 2010, Hritz placed Plaintiff on a Performance Improvement Plan ("PIP") ostensibly for several issues that occurred in 2009 and 2010.

23.

Hritz held regular follow up meetings to review Plaintiff's progress against the PIP, including walkthroughs of her store where he was accompanied by Haire, despite the fact that Haire had been removed as Plaintiff's manager.

24.

During the follow up meetings, Hritz told Plaintiff that she was making good progress and was on track to meet the PIP requirements.

25.

Hritz and Store Manager Carmen O'Connor terminated Plaintiff on June 30, 2010, ostensibly for failing to meet the requirements of the PIP, although no specific requirements were discussed at this meeting.

26.

Several of the PIP follow-up notices had included specific areas of improvement for Plaintiff.

27.

Prior to and following her termination, Plaintiff went to other Home Depot stores in the same region and determined that Asset Protection Specialists at these stores were not being disciplined for the same issues that were listed on her PIP follow-up notices.

28.

On April 29, 2010, Plaintiff visited store 0131 and observed that the following items were missing hard tags: Ryobi combo kits, pressure washers, lawnmowers, leaf blowers and generators. In addition, pallets behind the store were not properly spray-painted.

29.

On June 30, 2010, Plaintiff visited store 1775 and observed that the following items were missing hard tags: Makita combo kits, Ridgid combo kits, grills, nailers, and compressors.

30.

On July 1, 2010, Plaintiff visited store 0144 and observed that the following items were missing hard tags: Ryobi combo kits, Ridgid combo kits, grills and vacuum cleaners. In addition, the emergency exit audible alarm test had not been documented for February, March or June of 2010.

31.

On July 4, 2010, Plaintiff visited store 4136 and observed that the following items were missing hard tags: Ryobi combo kits, Ridgid combo kits, DeWalt combo kits, drills, saws, and grills. In addition, pallets of mulch behind the store were not properly spray-painted.

32.

On July 16, 2010, Plaintiff visited store 0161 and observed that the following items were missing hard tags: Ryobi combo kits, Ridgid combo kits, DeWalt combo kits, pressure washers, drills, saws, and vacuum cleaners.

33.

On October 6, 2010, Plaintiff visited store 1754 and observed that the following items were missing hard tags: grills, generators, DeWalt combo kits, Ryobi combo kits,and vacuum cleaners.

34.

Many of the violations of Asset Protection policies listed above in paragraphs 26-31, were listed as areas for improvement on follow-up notices Plaintiff received from Hritz between April 21, 2010 and June 24, 2010.

35.

Plaintiff was terminated on June 30, 2010 after complaining about age discrimination multiple times to Brown and Human Resources.

36.

Others outside the Plaintiff's protected class were not placed on PIPs or disciplined for violations of Home Depot Asset Protection policies.

37.

Although The Home Depot, Inc. purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext.

38.

The Home Depot, Inc. terminated Plaintiff because of her age (42).

## CLAIMS FOR RELIEF

## CLAIMS FOR RELIEF UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

39.

Defendant The Home Depot, Inc. discriminated against Plaintiff in the terms and conditions of her employment based upon her age by, *inter alia*, subjecting Plaintiff to different performance expectations and to ongoing age-based derogatory comments.

40.

Defendant's above described actions violated Plaintiff's rights under the Age Discrimination in Employment of 1967, 29 U.S.C. Section 621 et seq.

## RETALIATION

41.

Defendant The Home Depot, Inc. subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct including, *inter alia*, criticizing Plaintiff openly for complaining about discrimination and terminating her employment.

42.

Plaintiff's complaints about discrimination led to the criticism and termination of her employment.

43.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

44.

Defendant The Home Depot, Inc., therefore, is liable for the damages caused proximately resulting from its retaliation.

## **PRAYER FOR RELIEF**

45.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's retaliatory acts;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant The Home Depot, Inc. has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant The Home Depot, Inc. from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted the 17th day of February, 2011.

**BARRETT & FARAHANY, LLP**

/s/ Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Paul J. Sharman
Georgia Bar No. 227207
Attorneys for Nichelle Wells

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
paul@bf-llp.com